IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE ANDRES OBANDO-SEGURA, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. GLR-17-3190 |
| MATTHEW G. WHITAKER,[1] et al., | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Jose Andres Obando-Segura's Supplemental Petition for a Writ of Habeas Corpus and Partial Opposition to Respondents' October 26, 2018 Letter (the "Supplemental Petition") (ECF No. 21) and Respondents Matthew G. Whitaker, Kirstjen M. Nielsen, Thomas D. Homan, Dorothy Herrera-Niles, Charles Lee, and Donna Bounds' (collectively, "the Government" or "Respondents") Motion to Dismiss Plaintiff's Supplemental Petition for Failure to Exhaust Administrative Remedies, or Alternatively, Stay Proceedings Pending the Outcome of Plaintiff's Immigration Bond Proceedings (ECF No. 28).[2] The Motion and Supplemental Petition are ripe for disposition, and no hearing is necessary at this time. See Rule 8(a), Rules

---

[1] On November 7, 2018, President Donald J. Trump appointed Whitaker Acting Attorney General. Accordingly, the Court substitutes Whitaker for Jefferson B. Sessions. See Fed.R.Civ.P. 25(d).

[2] Also pending before the Court is Obando-Segura's unopposed Motion to Deny Further Extensions and Stays Founded on Administrative Exhaustion (ECF No. 27). Because the Court will deny Respondents' Motion and grant in part and deny without prejudice in part Obando-Segura's Supplemental Petition, the Court will deny Obando-Segura's Motion as moot.

Governing Section 2254 Cases in the United States District Courts (Feb. 1, 2010)[3]; Local Rule 105.6 (D.Md. 2018). For the reasons set forth more fully below, the Court will grant Obando-Segura's Supplemental Petition in part and deny it without prejudice in part and deny Respondents' Motion as moot.

## I. BACKGROUND

The Court set forth the facts of this case in its September 14, 2018 Memorandum Opinion. (See ECF No. 10). The Court discusses only facts necessary to resolve the pending Supplemental Petition and Motion. The Court also includes developments in Obando-Segura's immigration proceedings since the Court issued its Memorandum Opinion.

**A.  Immigration Proceedings**

On February 27, 2018, an Immigration Judge ("IJ") entered an order of removal, on the basis that Obando-Segura committed a removable drug offense under 8 U.S.C. § 1227(a)(2)(B)(i) (2018).[4] (Resp'ts' Req. 14-Day Ext. Exs. A & B ["BIA Op."] at

---

[3] The Court may apply the Rules Governing Section 2254 Cases to habeas corpus actions filed under 28 U.S.C. § 2241 (2018). See Rule 1(b), Rules Governing Section 2254 Cases; see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

[4] Section 1227(a)(2)(B)(i) provides, in relevant part, that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance. . . , other than a single offense involving possession for one's own use of [thirty] grams or less of marijuana, is deportable."

2

2, ECF No. 12-1).[5] Obando-Segura appealed to the Board of Immigration Appeals (the "BIA"). (See id. at 1).

On October 4, 2018, the BIA remanded the case to the IJ to address whether the Government had met its burden of proof to establish Obando-Segura's removability under § 1227(a)(2)(B)(i). (BIA Op. at 3–4). On December 10, 2018, the IJ held a Master Hearing to address how Obando-Segura's immigration case would proceed on remand. (Taronji Decl. ¶ 5, ECF No. 27-2). During an off-the-record side bar at the close of the Master Hearing, the Government stated that it would allow Obando-Segura's immigration counsel to argue that Obando-Segura should be released on bond that day at the Master Hearing. (Id. ¶ 8). Immigration counsel was not prepared to argue bond at that time. (See id.). The IJ then asked Obando-Segura's immigration counsel if he would be prepared to argue bond on December 14, 2018. (Id.). Immigration counsel stated that he would not be prepared by that date either. (Id.). As a result, the IJ issued an order withdrawing Obando-Segura's request for a change in custody without prejudice. (Mot. Deny Further Exts. Ex. 3, ECF No. 27-4). The IJ's order permits Obando-Segura to "again request a bond hearing whenever he is prepared."[6] (Id.). The Government indicated, however, that it intends to oppose Obando-Segura's request for a bond hearing on the grounds that he is detained

---

[5] Citations to Exhibits A and B to the Government's Request for 14-Day Extension of Time to Respond to the Court's September 14, 2018 Order refer to the pagination the Court's Case Management and Electronic Court Files ("CM/ECF") system assigned.

[6] The Court notes that counsel for the Government appears to have twice misrepresented to the Court that the December 10, 2018 Immigration Court proceeding was a "bond hearing," once in his Unopposed Request for Extension of Time in Light of Plaintiff's Upcoming December 10, 2018[ ] Bond Hearing, (Mot. Ext. Time at 1, ECF No. 23), and again in his affidavit attached to his Request, (id. at 4).

under 8 U.S.C. § 1226(c), and is therefore ineligible for bond. (Taronji Decl. ¶ 9). In addition, the IJ scheduled an Individual Hearing for Obando-Segura on March 8, 2019.[7] (Id. ¶ 7). The Individual Hearing will be "the final hearing for taking evidence on the merits" of his removal case. (Id.).

Obando-Segura's detention has now lasted more than two years. (See Pet. Writ Habeas Corpus at 3–4, ECF No. 1). Obando-Segura has twice requested a bond hearing in the Immigration Court and has been denied both times. (Taronji Decl. ¶ 10).

**B.** **Habeas Proceedings**

On September 14, 2018, the Court issued a Memorandum Opinion and Order, in which it ordered the Government to file a supplemental briefing that addressed, among other things, the reasonableness factors this Court set forth in Jarpa v. Mumford, 211 F.Supp.3d 706, 717 (D.Md. Sept. 30, 2016),[8] within thirty days. (Sept. 14, 2018 Order ¶ 2, ECF No. 11).

---

[7] The Declaration from Obando-Segura's immigration counsel, Ian Taronji, states that March 8, 2018 is the date of Obando-Segura's Individual Hearing. (Taronji Decl. ¶ 7). The Court assumes that Taronji meant March 8, 2019.

[8] The reasonableness factors are: (1) "the length of time that the criminal alien has been detained without a bond hearing"; (2) "the reason for prolonged detention"; (3) "whether any impediments exist to final removal if ordered"; (4) "whether the alien's civil immigration detention exceeds the time the alien spent in prison for the crime that rendered him removable"; (5) "whether the facility for the civil immigration detention is meaningfully different from a penal institution for criminal detention"; and (6) "the foreseeability of proceedings concluding in the near future (or the likely duration of future detention)." Jarpa, 211 F.Supp.3d at 717 (citing Sopo v. U.S. Att'y Gen., 825 F.3d 1199, 1217–19 (11th Cir. 2016), vacated, 890 F.3d 952 (11th Cir. 2018); and then citing Reid v. Donelan, 819 F.3d 486, 500 (1st Cir. 2016), opinion withdrawn on reconsideration, No. 14-1270, 2018 WL 4000993 (1st Cir. May 11, 2018)).

On October 15, 2018—the deadline for filing their supplemental briefing and after the BIA had remanded Obando-Segura's case to the IJ—Respondents requested a fourteen-day extension of time to file their supplemental briefing, which the Court granted <u>nunc pro tunc</u> on November 15, 2018. (ECF No. 18). In the interim, on October 26, 2018, the Government filed a limited response to the Court's September 14, 2018 Order. (ECF No. 13). To date, the Court has no record that the Government filed a supplemental briefing in accordance with the Court's Order.

Obando-Segura filed his Supplemental Petition for a Writ of Habeas Corpus and Partial Opposition to Respondents' October 26, 2018 Letter on November 26, 2018. (ECF No. 21). On December 20, 2018, Respondents filed their Motion to Dismiss Plaintiff's Supplemental Petition for Failure to Exhaust Administrative Remedies, or Alternatively, Stay Proceedings Pending the Outcome of Plaintiff's Immigration Bond Proceedings. (ECF No. 28). Obando-Segura filed an Opposition on December 27, 2018. (ECF No. 29). To date, the Court has no record that Respondents filed a Reply.

## II. DISCUSSION

### A. <u>Supplemental Petition for Writ of Habeas Corpus</u>

In his Supplemental Petition, Obando-Segura requests that the Court enter an order releasing him outright or, in the alternative, requiring an immediate bond hearing, either in the Immigration Court or in this Court. At bottom, the Court will deny Obando-Segura's request for immediate release but will grant his request for a bond hearing before an IJ.

As to his immediate release, Obando-Segura argues that, after the BIA remanded his case to the IJ because the Government had not established that he was subject to

5

removal based upon his criminal convictions, any basis for detaining Obando-Segura under § 1226(c) no longer exists. As a result, Obando-Segura contends, he is entitled to immediate release. The Court agrees that no evidence presently exists in the record that Obando-Segura was convicted of a criminal offense triggering detention under § 1226(c). But the BIA remanded Obando-Segura's immigration case to the IJ to give the Government the opportunity to satisfactorily establish that Obando-Segura was convicted of a removable offense. The IJ is better acquainted with the record—especially any evidence related to Obando-Segura's criminal convictions. The IJ is, therefore, better equipped to hold a hearing on Obando-Segura's potential release.[9] Further, based on the Jarpa factors applied to Obando-Segura's case, Respondents do not object to remanding the case to an IJ for a bond hearing.[10] Accordingly, the Court will grant Obando-Segura's Supplemental Petition to the extent it seeks a bond hearing before an IJ.

Because the Government does not object to remanding this case to the IJ for a bond hearing, all that remains is to determine which party will bear the burden of proof at the hearing. For the purposes of the Court's analysis, it assumes that Obando-Segura's two-

---

[9] IJs have the power to hold bond hearings for immigrants in removal proceedings to ensure that their continued detention comports with due process. Lora v. Shanahan, 804 F.3d 601, 608 (2d Cir. 2015), cert. granted, judgment vacated, 138 S.Ct. 1260 (2018).

[10] In its October 26, 2018 Letter, the Government states: "Based upon the current facts in this particular case, particularly as they pertain to the factors to be considered as set forth in Jarpa, the United States does not object to the Court remanding this matter to the Immigration Judge[ ] and ordering a bond hearing for [Obando-Segura] in accordance with the applicable law and regulation." (Oct. 26, 2018 Ltr. at 2, ECF No. 13) (citing 8 C.F.R. § 1003.19(c) (setting forth the procedures for bond hearings in Immigration Court)).

plus-year detention is unreasonable under the Jarpa factors, and that his continued detention without a bond hearing is unconstitutional. See Jarpa, 211 F.Supp.3d at 722–23.

Citing 8 C.F.R. § 236.1(c)(8) (2019), the Government contends that the burden of proof should be placed on Obando-Segura.[11] Obando-Segura vigorously disputes this contention, arguing that the Government should bear the burden of proof by clear and convincing evidence based on this Court's holding in Jarpa. The Court disagrees with the Government for at least four reasons.

First, § 236.1(c) dictates the burden of proof for bond hearings when an immigrant is detained under 8 U.S.C. § 1226(a), which governs when the Attorney General exercises his discretion to detain an immigrant after the issuance of a warrant. See 8 C.F.R. § 236.1(c)(3). Obando-Segura is subject to mandatory detention under § 1226(c), which does not provide for an individualized determination prior to detention like § 1226(a) does.

Second, courts that order bond hearings for aliens detained under § 1226(c) do so to remedy or avoid due process concerns. See, e.g., Jarpa, 211 F.Supp.3d at 715–16 (discussing how courts have read an implicit time limit on detention under § 1226(c) to "avoid or remedy due process violations"); Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011) (holding that "when detention [under § 1226(c)] becomes unreasonable, the Due Process Clause demands a hearing"); Haughton v. Crawford, No.

---

[11] The Government contends that at the bond hearing Obando-Segura "will bear the burden of demonstrating that his release would not pose a danger to the public and that he is likely to appear for future hearings." (Oct. 26, 2018 Ltr. at 2) (citing 8 C.F.R. § 236.1(c)(8)).

116CV634LMBIDD, 2016 WL 5899285, at *10 (E.D.Va. Oct. 7, 2016) (concluding that the petitioner's detention had become unreasonable for the purposes of due process and ordering a bond hearing). Unlike detention under § 1226(c), detention under § 1226(a) is "presumptively consistent with due process" because the Attorney General has the discretion to issue a bond. Haughton v. Crawford, 221 F.Supp.3d 712, 715–16 (E.D.Va. 2016). This is not the case here where Obando-Segura is detained under § 1226(c), which dictates mandatory detention and does not provide the possibility of bond. § 1226(c)(2) (authorizing release of an alien detainee "only if the Attorney General decides . . . that release of the alien from custody is necessary" for witness-protection purposes "and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding"). An individualized bond hearing is therefore necessary to avoid the serious due process concerns Obando-Segura's lengthy and indefinite detention raise. See Jarpa, 211 F.Supp.3d at 717; Haughton, 221 F.Supp.3d at 715–16 (rejecting the Government's argument that § 236.1(c) applies to bond hearings for aliens detained under § 1226(c) based in part on due process concerns).

Third, placing the burden of proof on Obando-Segura "logically mean[s] that he is presumed validly and constitutionally detained unless he demonstrates otherwise." Jarpa, 211 F.Supp.3d at 722. Placing the burden of proof on Obando-Segura would, therefore, "run contrary to the Court's determination on the unconstitutionality of his continued detention absent a hearing." Id. at 722–23. Indeed, as our sister district court

8

noted, "precisely because petitioner's detention raises due process concerns, he is entitled to more robust procedural protections." Haughton, 221 F.Supp.3d at 716.

Fourth, like the petitioner in Jarpa, placing the burden of proof on Obando-Segura "visits a special unfairness on him." Jarpa, 211 F.Supp.3d at 723. As the Jarpa Court recognized, "[p]rolonged detention undoubtedly weakens an individual's ties to society" Id. Here, Obando-Segura's prolonged detention compromises his ability to gather the evidence he needs to complete his U Visa application and may also affect his ability to prepare for his Individual Hearing on March 8, 2019. In addition, in the immigration proceedings the Government bears the burden of proof by clear and convincing evidence to show that Obando-Segura committed a removable criminal offense. The BIA remanded his case to the IJ because the Government had failed to do so. As a result, Obando-Segura remains detained under § 1226(c) even though there is currently no removal order in place.

In sum, because Obando-Segura's detention has become unreasonable under Jarpa, he is entitled to a bond hearing. The Court will, therefore, grant Obando-Segura's Supplemental Petition to the extent it seeks a bond hearing before an IJ. At his bond hearing, the Government must prove by clear and convincing evidence that Obando-Segura is a flight risk or a danger to the community to justify denial of bond. See, e.g., Jarpa 211 F.Supp.3d at 723; Diop, 656 F.3d at 233 (holding that the Government "bears the burden of proving that continued detention is necessary to fulfill the purposes of [§ 1226(c)]"); Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005) (placing the burden on the Government to show that the immigrant detained under § 1226(c) "is a flight risk or will be a danger to the community"); Hechavarria v. Sessions, No. 15-CV-1058, 2018 WL

5776421, at *8–9 (W.D.N.Y. Nov. 2, 2018) (footnote omitted) (collecting cases and concluding that the Government bears the burden "by clear and convincing evidence before a neutral decisionmaker that [the petitioner's continued detention under § 1226(c)] is necessary to serve a compelling regulatory purpose").

**B.     Motion to Dismiss**

The Government moves to dismiss Obando-Segura's Supplemental Petition for failure to exhaust his administrative remedies. Specifically, the Government contends that the Court should dismiss Obando-Segura's Supplemental Petition because he failed to seek a bond hearing before an IJ. Alternatively, the Government requests that the Court stay this case pending Obando-Segura's bond hearing in the Immigration Court. Because, as discussed above, the Court will grant in part and deny without prejudice in part Obando-Segura's Supplemental Petition and order the Immigration Court to hold a bond hearing on his unreasonably prolonged detention, the Court will deny the Government's Motion as moot.[12]

### III.    CONCLUSION

For the foregoing reasons, the Court will grant in part and deny without prejudice in part Obando-Segura's Supplemental Petition for a Writ of Habeas Corpus and Partial

---

[12] The Court notes that if it had addressed the Government's exhaustion argument on the merits, it would likely fail. See Jarpa, 211 F.Supp.3d at 710–12 (petitioner detained under § 1226(c) did not have to exhaust administrative remedies before pursuing habeas relief); see also Flores-Powell v. Chadbourne, 677 F.Supp.2d 455, 464 (D.Mass. 2010) (declining to dismiss petition for writ of habeas corpus for failure to exhaust administrative remedies); Madrane v. Hogan, 520 F.Supp.2d 654, 669 n.16 (M.D.Pa. 2007) (rejecting the Government's exhaustion argument and considering the petitioner's habeas claim even though he had never requested a bond hearing or custody review in Immigration Court).

Opposition to Respondents' October 26, 2018 Letter (ECF No. 21). The Court will also deny as moot Respondents' Motion to Dismiss Plaintiff's Supplemental Petition for Failure to Exhaust Administrative Remedies, or Alternatively, Stay Proceedings Pending the Outcome of Plaintiff's Immigration Bond Proceedings (ECF No. 28). A separate Order follows.

Entered this 1st day of February, 2019

/s/
George L. Russell, III
United States District Judge